

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

ERALD C. MANN
TTORNEY GENERAL

Hon. J. P. Bryan
County Attorney
Brazoria County
Angleton, Texas

Dear Sir:

Opinion No. 0-2087
Re: Construction of the phrase "physical
plant", as it appears in House Bill
700, Forty-sixth Legislature.

In your letter of recent date you request our
opinion with reference to the construction, in certain
particulars, of Section 3 of House Bill 700, Forty-
sixth Legislature, (Acts 1939, 46th Leg., p. 251; Art.
212a, Penal Code).

The pertinent provisions of this Act read as
follows:

"Sec. 1. That no newspaper, magazine, or
other publication, published daily, biweekly,
weekly, monthly, or at other intervals shall
sell, solicit, bargain for, offer, or accept
for money, other consideration, or favors, any
kind or manner of political advertising from
more than one candidate for any or all local,
county, State, or Federal offices, unless such
publication shall have been published and dis-
tributed generally for at least twelve (12)
months next preceding the acceptance of the
advertising.

" * * * .

"Sec. 3. And provided further that Sec-
tion 1 of this Act shall not apply to publica-
tions which have, prior to the acceptance of
political advertising from more than one can-
didate, been published and circulated generally

Hon. J. P. Bryan, page 2

for a period of less than one year immediately preceding the acceptance of such advertising in the event that such publication can show ownership of its physical plant and that its advertising rates are in proportion to the amount and kind of its circulation."

Section 1 of the Act contains its prohibitions; the existence of the facts set out in Section 3 remove the publication from its operation. You request our opinion touching the requirement in Section 3 of ownership of the physical plant, as to the meaning of the phrase "physical plant."

It is our opinion, as you have also concluded, that the term "physical plant" was intended to include the physical equipment necessarily involved in the publication of the particular newspaper or magazine. We do not believe that a publication which is unable to show ownership of the equipment which prints its newspaper or magazine, or other publication, would come within Section 3 of the Act.

We are not, of course, passing upon the question of the constitutionality of this law.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Zollie C. Steakley_
Zollie C. Steakley
Assistant

ZCS:ob

APPROVED MAR 28, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN